|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

### CIVIL MINUTES -- GENERAL

| Case No. | **CV 11-10576-JFW (RZx)** | Date: February 8, 2012 |
|---|---|---|

Title: Beazley Insurance Company, Inc. -v- Nile Niami, et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**
None

**ATTORNEYS PRESENT FOR DEFENDANTS:**
None

**PROCEEDINGS (IN CHAMBERS):**     ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION

       On December 21, 2011, Plaintiff Beazley Insurance Company, Inc. ("Plaintiff") filed a Complaint in this Court against Defendants Nile Niami and Yvonne Niami, alleging that the Court had subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(a).

       Plaintiff has not adequately alleged the facts essential for the subject matter jurisdiction of this Court. *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . . .'"). Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332.

       In its Complaint, Plaintiff alleges, "on information and belief," that Defendants are residents of California. However, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). To be a citizen of a state, a natural person must be a citizen of the United States and be domiciled in a particular state. *Id.* Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Id.* "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* Therefore, Plaintiff's allegations are insufficient to establish Defendants' citizenship. Moreover, jurisdictional allegations based on information and belief are insufficient to confer jurisdiction. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)

("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (holding that allegations based on "to the best of my knowledge and belief" are insufficient).

Federal Rule of Civil Procedure 12(h)(3) specifically states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Pursuant to Rule 12(h)(3), "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *see also Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) (noting that "[i]t is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court").

Accordingly, the Court hereby **DISMISSES** this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.